Jackson *v.* Maner *et al.*, commissioners.

1. Whether a person who in a road commissioners' court has been duly adjudged to be a road defaulter, and who has subsequently been arrested under the provisions of section 627 of the code and brought before that court "to abide the judgment of the same," can be then heard on the question as to what his punishment shall be, or upon any other question. he is not entitled to have the judgment already rendered and declaring him to be a road defaulter reviewed in that court.

2. If such a judgment is void for want of jurisdiction in the court, the person against whom it operates may by affidavit of illegality arrest an execution based thereon, or in case of arrest may raise the question of the validity of the judgment by writ of *habeas corpus*.

March 25, 1895.   Brought forward from the last term.   Code, §4271(a–c).

*Certiorari.* Before Judge GOBER. Cobb superior court. November term, 1893.

MOZLEY & MORRIS, for plaintiff in error.
W. R. POWER, *contra.*

ATKINSON, Justice.

It appears from the record in this case, that the plaintiff in error was convicted before a court held by certain road commissioners, as a road defaulter. It appears that he was duly summoned to work upon the public road, and notice given of the time and place when the commissioners would sit to hear the excuses of defaulting road hands; that this plaintiff in error failed to appear, and a judgment was rendered against him in that court declaring him to be a road defaulter, and upon this judgment a warrant was issued for his arrest, requiring the officer executing the same to cause the defendant to be brought before the commissioners to abide the judgment in the case. When he was brought before the commissioners, he insisted that he ought not to be punished, upon the ground that he was a resident of another county at the time he was required to work the road, and was not liable to do road duty in that county. The commissioners declined to hear or accept evidence of these facts, and directed his imprisonment, under the warrant of arrest which had been previously issued, for the term of thirty days. To this judgment he sued out the writ of *certiorari*, and upon the hearing in the superior court the circuit judge overruled his petition for *certiorari*, and directed that the judgment of the commissioners' court proceed.

We think this judgment was right. The judgment of the commissioners finding this defendant to be a road defaulter was conclusive upon him in that court as to that point. The court itself had no power to review or set aside its own judgment. In so far as it could legally adjudge any matter of fact preceding the judgment, the person against whom such judgment was rendered was concluded in that court. If for any cause the judgment was erroneous, it might have been excepted to and set aside by the writ of *certiorari.* When brought before the commissioners upon their warrant against the defendant directing his apprehension to abide the judgment rendered, whether he could then make any question upon the excessiveness of the fine imposed, we do not now adjudge. If in the rendition of its judgment in the first instance the court had no jurisdiction of the person of the defendant because of his being a nonresident, he can make that question in a forum which has the power to adjudicate upon it. If an execution be issued against his property for the collection of a fine imposed, he may file an affidavit of illegality and cause the same to be returned into the commissioners' court for trial, under section 3666 of the code; and upon this affidavit, if it appear that the judgment upon which the execution is based is void for any cause, or that the execution is proceeding illegally against his property, the commissioners may vacate the judgment or quash the execution, as the questions made in the case might require. If, on the other hand, as in this case, the commissioners shall adjudge a person to be a road defaulter, and cause him to be apprehended under the warrant of arrest provided for by section 627 of the code, he may make the question as to the validity of the judgment rendered against him by writ of *habeas corpus* sued out.

This matter of the trial of road defaulters and their punishment is a judicial contrivance of the simplest

possible character. The law is simple, plain and easy of understanding, necessarily so because it must be administered by those who are little versed in its intricacies; and its due enforcement is necessary to the keeping of the public roads in good repair. We guard by this decision the rights of those persons of whom road duty is required, who are not liable therefor, against any oppression which may result from the caprice or ill-judged conclusions of those charged with the administration of the law; but we desire to surround this simple procedure with as little of the mystery of the law as possible.                                    *Judgment affirmed.*